UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

vs.                                                     No. 05-1028

GUY PIERCE, et.al.,
   Defendants

### ORDER

This cause is before the court for case management and consideration of the plaintiff's motion for reconsideration of the court's April 6, 2005 dismissal order [d/e 9], motion to proceed in forma pauperis on appeal [d/e 12], motion for an order [d/e 19] and motion to expedite. [d/e 20]

### BACKGROUND

On March 1, 2005, the court struck the plaintiff's initial complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* March 1, 2005 Court Order. The plaintiff's complaint was a rambling 42 page document filed pursuant to 42 U.S.C. §1983 and state tort and negligence law against 62 individual defendants. The court could not clearly discern what claims the plaintiff intended to allege against which defendants. The court therefore gave the plaintiff until March 23, 2005 to file an amended complaint. The plaintiff was also given specific instructions to follow in filing his amended complaint. Lastly, the plaintiff was admonished that "[i]f the plaintiff fails to file an amended complaint within this time frame, his case will be dismissed. If the plaintiff fails to follow the guidelines specifically spelled out in this order, his case may also be dismissed." March 1, 2005 Court Order, p.2. The plaintiff failed to respond to the court's order and on April 6, 2003 his case was dismissed.

The plaintiff then filed a motion to reconsider the dismissal order [d/e 9] and filed a notice of appeal challenging the dismissal order. [d/e 11] The court stated in a September 14, 2005 text order that it no longer had jurisdiction over the plaintiff's motion to reconsider. This was incorrect. *See* Federal Rule of Appellate Procedure 4(a). "[A] timely motion under Rule 59(e) suspends the time for appealing, and a notice of appeal filed while such a motion is pending is premature." <u>Katerinos v. United States Department of the Treasury</u>, 368 F. 3d 733, 737 (7th Cir. 2004). Therefore, the court will instruct the clerk of the court to reinstate the plaintiff's motion to reconsider and it will now consider plaintiff's motion to reconsider.

### MOTION TO RECONSIDER

The plaintiff has filed a motion to reconsider the court's April 6, 2005 order dismissing this case. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff

has failed to specify either rule, but appears to have filed this document within the ten business days required for a Rule 59 motion.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992). The plaintiff maintains that a mistake has been made in his case.

The plaintiff says he did in fact follow the court's order and mailed in an amended complaint. As proof of his claims, the plaintiff has provided a copy of a "Request for Payment" form. This is the form an inmate must use to request postage. The form is dated March 15, 2005 and is signed by the plaintiff. It also indicates that it is a request for legal mail and is marked "Amended 1983." There is no signature from any prison official indicating that the request was approved. However, there is a section that appears to have been signed by someone indicating that postage of $3.95 cents was designated.

The court will give the plaintiff the benefit of the doubt that he did follow the court's instructions and provided a copy of his amended complaint to prison officials within the necessary time frame. The plaintiff has also provided another copy of this amended complaint to the court. The motion for reconsideration is therefore granted.

IT IS THEREFORE ORDERED that:

1) The clerk of the court is directed to vacate the court's September 14, 2005 text order and reinstated the plaintiff's motion for reconsideration. [d/e 9]

2) The motion to reconsider is granted. [d/e 9]

3) The clerk of the court is directed to vacate the court's April 6, 2005 order and the judgement dismissing this case. The clerk is directed to reopen this case. A merit review order will be entered.

4) The plaintiff's motion to proceed in forma pauperis on appeal [d/e 12], motion for an order [d/e 19] and motion to expedite [d/e 20] are denied as moot.

5) The clerk is directed to notify the Court of Appeals of this ruling by the court.

Enter this 7th day of December, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE