UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

vs.                                                         No. 05-1028

GUY PIERCE, et.al.,
   Defendants

## ORDER

This cause is before the court for consideration of the plaintiff's motion to appoint counsel [d/e 24] and motion for leave to file a second amended complaint. [d/e 25].

## BACKGROUND

The plaintiff originally filed this complaint on January 31, 2005 pursuant to 42 U.S.C. §1983 and state tort and negligence law. The plaintiff claimed his constitutional rights were violated at Pontiac Correctional Center. The plaintiff's 42 page handwritten complaint was a rambling account of 14 claims against 62 individual defendants. The plaintiff has also attached hundreds of pages of exhibits. The court could not discern what claims the plaintiff intended to allege against which defendants. Therefore, the court found the complaint was a violation of Rule 8 of the Federal Rules of evidence which require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *See also* March 1, 2005 Court Order.

The court gave the plaintiff additional time to file an amended complaint with specific instructions to follow. The plaintiff failed to meet this deadline, and his case was dismissed. The plaintiff then filed a motion to reconsider and a notice of appeal. The plaintiff claimed he had in fact sent in an amended complaint and provided a copy of the form he used to request postage from the Department of Corrections. The court gave the plaintiff the benefit of the doubt, and reinstated his case.

The plaintiff has now filed a motion for appointment of counsel and a motion to file a second amended complaint.

## MOTION FOR APPOINTMENT OF COUNSEL

The court notes that the plaintiff has another case pending before this court, *Dupree v. French*, 05 cv 1201. The court found that the plaintiff was unable to represent himself, and the court would attempt to find counsel for the plaintiff. Therefore, the court will also grant plaintiff's motion for appointment of counsel in this case as well and will find counsel to represent the plaintiff.

MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

In hopes of expediting this case, the court will also grant the plaintiff's motion for leave to file a second amended complaint and instruct the clerk of the court to file the submitted complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The court notes that it has already provided the plaintiff with specific instructions about what should be included in his complaint and what should not be in his complaint. *See* March 1, 2005 Court Order. Nonetheless, the plaintiff has ignored most of those directions.

The plaintiff has again named an unwieldily number of defendants. The plaintiff has identified 30 named defendants and six unknown correctional officers. The plaintiff begins his complaint with a "preliminary statement" which is simply a paragraph of broad accusations without any specific dates, defendants or events. (Comp, p. 2)

The plaintiff does state that after he filed this lawsuit, Dr. Garlick told the plaintiff that if he did not drop this litigation, he would kick the plaintiff out of the mental health unit and deny him needed treatment. The plaintiff alleges that Assistant Warden Melvin and Dr. Smith also participated in the decision to kick the plaintiff out of treatment. The plaintiff could not have exhausted his administrative remedies for this claim PRIOR to filing this lawsuit, since he clearly states that the actions occurred AFTER he filed this litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a). *See also* Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, (7th Cir. 1999).

Therefore, the court must dismiss this claim for failure to exhaust administrative remedies as required.

The plaintiff also alleges that these three defendants changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems. While the plaintiff has not provided a specific time frame, the court does find that the pro se plaintiff has stated a violation of his Eighth Amendment rights. The plaintiff has alleged that Dr. Garlick and Dr. Smith were deliberately indifferent to his serious medical needs. However, the plaintiff has not stated a claim against Assistant Warden Melvin. Prison administrators usually have no medical expertise and therefore must rely on health care professionals to assess the needs of prisoners and initiate treatment. McEachern v. Civiletti, 502 F.Supp. 532, 534 (N.D.Ill.1980).

Assistant Warden Melvin would not be able to write prescriptions for the plaintiff.

The next clear allegation in the plaintiff's complaint is that on March 21, 2003, Defendant Henry Teverbaugh was apparently on an Adjustment Committee considering disciplinary reports against the plaintiff and refused to allow him to call witnesses or consider his mental health status. Plaintiff says he was having a "psychotic episode" during the hearing. Defendant Cletus Shaw apparently did the same during a hearing on March 28, 2003. The plaintiff states that this was a violation of his due process rights. For the purposes of notice pleading, the court finds that the plaintiff has stated violations of his due process rights.

The plaintiff claims that Nurse Ellinger refused to bring his prescribed psycho tropic medication on several occasions causing him medical problems. Although negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, failure to provide adequate treatment is a violation of the eighth amendment when it results from "deliberate indifference to a prisoner's serious illness or injury."Estelle v. Gamble, 429 U.S. 97, 105 (1976).

The plaintiff says Dr. Gardner and Nancy Odum gave him materials to hang himself while he was on suicide watch. Then conspired with Defendant Pierce to remove the plaintiff from suicide watch. The plaintiff has failed to identify how he was injured in any way and has not clearly stated a violation of his constitutional rights.

The plaintiff says on March 21, 2003, Defendant Pierce instructed six unknown officers to beat the plaintiff. The plaintiff says the unknown officers then refused to provide him medical treatment. The court finds that the plaintiff has adequately alleged that Defendant Pierce violated his Eighth Amendment right to be free from excessive force when he instructed officers to beat the plaintiff on March 21, 20003. However, the court will dismiss the unidentified defendants. In addition, the plaintiff has not stated an Eighth Amendment violation for failure to provide medical treatment because he has not identified any defendants who knew he needed treatment and refused that treatment.

The plaintiff further states that Defendant G. Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Paula Rich, Potts, Leonard, DeLong, Quade and Mark Spencer conspired to hinder the plaintiff's access to courts. The plaintiff says they refused to give him copies of necessary documents, denied him access to his legal materials, and stole his legal mail. The plaintiff says the actions of these defendants prevented him from timely filing two lawsuits. The plaintiff says he reported these actions to Defendants P. Hasting, R. Walker, S. Mote, Guy Pierce and Buthley, but they failed to take any action. The plaintiff has adequately alleged that the defendants denied him meaningful access to the courts.

The plaintiff says in an effort to make him drop his lawsuit, several defendants on January 6, 2005, conspired to put his private mental health records on the internet and violated his privacy rights. The plaintiff says the also put him on suicide watch unlawfully and in the nude and would allow tours and other inmates to see the plaintiff. The plaintiff says he complained about these

3

incidents, but nothing was done.

Again, if the alleged incidents occurred after or at the same time as the plaintiff initially filed this lawsuit, he could not have exhausted his administrative remedies prior to filing this lawsuit. Therefore, these claims are dismissed.

The court notes that the plaintiff has failed to state any official capacity claim against the surviving defendants. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The Eleventh Amendment bars suit for damages against defendants insofar as they are sued in their official capacities. The court also finds that the plaintiff has failed to clearly state any violations of state law.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is granted. [d/e 24]**

**2) The plaintiff's motion for leave to file a second amended complaint is granted. [d/e 25] The clerk of the court is directed to file the second amended complaint.**

**3) Pursuant to its merit review of the second amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

**a) Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.**
**b) Defendants Henry Teverbaugh and Cletus Shaw violated the plaintiff's due process rights during Adjustment Committee hearings on March 21, 2003 and March 28, 2003.**
**c) Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.**
**d) On March 21, 2003, Defendant Guy Pierce violated the plaintiff's right to be free from excessive use of force.**
**e) Defendant G. Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Paula Rich, Potts, Leonard, DeLong, Quade and Mark Spencer conspired to deny the plaintiff meaningful access to the courts. In addition, the plaintiff told P. Hasting, R. Walker, S. Mote, Guy Pierce and Buthley about his denial of access to the courts, but they failed to take any action.**

**4) All other claims based on federal law, other than those set forth in paragraph (3) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**5) The plaintiff has 19 surviving defendants. Nine of those defendants were identified**

**in the plaintiff's original complaint including Guy Pierce, Cletus Shaw, Henry Teverbaugh, Roger Walker, Stephen Mote, Nurse Ellinger, Wayne Germaine, Dr. Garlick and Dr. Smith. Ten of those defendants were added in the second amended complaint including: Bryan Fairchild, Officer Mottershaw, Paula Rich, Potts, Leonard, DeLong, Quade, Mark Spencer, P. Hasting, and Buthley. The clerk is directed to dismiss all other named defendants.**

**6) This case shall proceed solely on those federal claims identified in paragraph three above. Any claims not set forth in paragraph three above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**7) On its own motion, the court will allow the plaintiff to proceed in forma pauperis in this case without payment of an initial partial filing fee. A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**8) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**9) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 4th Day of April, 2005.


        s\Harold A. Baker
_____
        HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE