E-FILED
Tuesday, 05 December, 2006  03:23:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

   vs.                                              Nos. 05-1028 and 05-1201

GUY PIERCE, et.al.,
   Defendants

CASE MANAGEMENT ORDER

     This cause is before the court for case management and consideration of plaintiff's counsel's motion to withdraw [d/e 29], and plaintiff's motions for appointment of new counsel. [d/e 30, 40]. The motions are denied. The court has previously found that the plaintiff appears unable to represent himself. Nonetheless, the court has admonished Mr. Dupree that he is to have no further contact with Attorney O'Day's female paralegal and is to maintain a polite and courteous relationship with his counsel. The plaintiff does not have the right to chose his own counsel, nor does he have a constitutional right to counsel in this case. If the plaintiff fails to follow the courts direction, he may lose the opportunity to have appointed counsel and will have to proceed on his own.

     The court has previously consolidated two cases filed by Cedric Dupree including *Dupree v. Pierce*, 05-1028 and *Dupree v. French,* 05-1201. For clarification of the record, the clerk of the court will be instructed to add all pending defendants and defense counsel from case 05-1201 to the lead case of 05-1028. All motions must be filed in the lead case of *Dupree v. Pierce*, 05-1028.

     The court notes that several defendants have yet to be served. The defendants were all originally named in *Dupree v. Pierce*, 05-1028, and include Defendants Henry Teverbaugh, Dr. Garlick, Dr. Smith, Nurse Judy Ellinger, Wayne Germain, Brian Fairchild, P. Hastings, Leslie Ann Quade, Paula Rich, Mark Spencer, and Officers Leonard, Mottershaw, Potts, Delong and Buthley.

     To help facilitate this process, the court will direct the clerk of the court to issue notice and waiver of lawsuit to these individuals. In addition, the court requests defense counsel to check on the status of these individuals and report whether defense counsel intends to represent them. It is to all parties advantage to expedite getting this case to issue. While the plaintiff is represented by counsel, he is an inmate in the Illinois Department of Corrections and does not have access to information concerning the whereabouts of potential defendants.

     Therefore, Attorney Lanszdorf is to report on the status of the Illinois Department of Corrections employees. His notice must be filed with the court and state which individuals he

will represent and whether or not the individuals are still employed by the Illinois Department of Corrections.  If the individual is no longer employed by the state, counsel must provide the clerk of the court with the last know address. The address will be held as confidential information. Attorney Charysh is to provide the same information for any medical employee including Dr. Garlick, Dr. Smith and Nurse Judy Ellinger.

For further clarification of the record, the court reiterates that it has identified the following surviving defendants and claims:[1]

> **1)** Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.
> **2)** Defendants Henry Teverbaugh and Cletus Shaw violated the plaintiff's due process rights during Adjustment Committee hearings on March 21, 2003 and March 28, 2003.
> **3)** Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.
> **4)** On March 21, 2003, Defendant Guy Pierce violated the plaintiff's right to be free from excessive use of force.
> **5)** Defendant G. Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Paula Rich, Potts, Leonard, DeLong, Quade and Mark Spencer conspired to deny the plaintiff meaningful access to the courts.  In addition, the plaintiff told P. Hasting, R. Walker, S. Mote, Guy Pierce and Buthley about his denial of access to the courts, but they failed to take any action.
> **6)** On February 17, 2005, Officers Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.
> **7)**  The plaintiff has also alleged that Defendants Ware, Prentice, Rosemburg and Fritzelle violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.
> **8)** The plaintiff alleges that the actions taken by  Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle on February 17, 2005 were a violation of his First Amendment Rights because the defendants were retaliating for prior grievances and litigation.
> **9)** The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.
> **10)** The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.
> **11)** The plaintiff says on July 28, 2003, Officer Stephens, Hobart, Melvin, Wilson,

---

[1]*See* January 5, 2006 Case Management Order in *Dupree v. French,* 05-1201*;* and January 5, 2006 Case Management Order and April 4, 2006 Case Management Order in *Dupree v.Pierce,* 05-1028.

Woods, Mote and Hodge violated his Eighth Amendment rights when they used used excessive force.

**12)** The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.

**13)** The plaintiff states on several occasions Officers Brewer, Dalbaugh, Eckhert and Fritsche painfully pulled on his waist chain and/or hit him with handcuffs violating his Eighth Amendment right to be free from excessive force. The dates alleged include: November 29, 2004, September 7, 2004, November 1, 2005 and September 27, 2005.

**14)** The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

**15)** The plaintiff says Officers Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists in violation of his Eighth Amendment rights.

**16)** The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed medical care. The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

**17)** Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004, October 16, 2004 and November 29, 2004.

**18)** Officers French and Fritsche were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004, October 16, 2004 and November 29, 2004. and allowed the attacks in retaliation for previously filed grievances and litigation.

**19)** Officer Ramsey failed to protect the plaintiff when he allowed an inmate to attack him on July 28, 2003.

**20)** The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003. The plaintiff says this was in retaliation for his grievances and law suits. The plaintiff has stated a failure to protect and retaliation claim.

**21)** The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

All claims are against the defendants in their individual capacities only.

This case obviously has an unwieldy number of claims and defendants. The defendants should file an initial summary judgement motion for any claims barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) or *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); any claims that are barred by the statute of limitations period or any claims for which the plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a).

3

**IT IS THEREFORE ORDERED that:**

1) The plaintiff's counsel's motion to withdraw [d/e 29] and plaintiff's motions for appointment of new counsel [d/e 30, 40] are all denied. The plaintiff is admonished that he is to have no further contact with his counsel's paralegal and is to cooperate with counsel.

2) The court has consolidated *Dupree v. Pierce*, 05-1028 and *Dupree v. French*, 05-1201. For clarification of the record, the clerk of the court will be instructed to add all pending defendants and defense counsel from case 05-1201 to the lead case of 05-1028. All motions must be filed in the lead case of *Dupree v. Pierce*, 05-1028.

3) The clerk of the court is directed to issue notice and waiver of lawsuit to the following unserved defendants: Henry Teverbaugh, Dr. Garlick, Dr. Smith, Nurse Judy Ellinger, Wayne Germain, Brian Fairchild, P. Hastings, Leslie Ann Quade, Paula Rich, Mark Spencer, and Officers Leonard, Mottershaw, Potts, Delong and Buthley.

4) Attorney Lanszdorf is to report on the status of all Illinois Department of Corrections employees named in paragraph 3. He should state whether he will be representing any of these individuals and whether they are still employed by the Illinois Department of Corrections. If any individual has left the department, Attorney Lanszdorf must provide the clerk of the court with the last known address. Attorney Charysh is to provide the same information for any medical employee including Dr. Garlick, Dr. Smith and Nurse Judy Ellinger. This information must be provided to the court on or before Friday, January 12, 2007.

5) This case management order identifies all surviving claims and defendants in this consolidated case. Any claims not set forth in this order shall not be included in in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

6) The court will abide by the following scheduling deadlines:

    a) Any further answers to the complaint must be filed in the lead case on or before February 10, 2007.

    b) Any initial motion for summary judgement addressing failure to exhaust administrative remedies, claims barred by *Heck v. Humphrey*, 512 U.S. 477 or the statute of limitations or other initial issues must be filed on or before March 2, 2007.

      **c) All discovery must be completed on or before July 6, 2007.**
      **d) Any final motions for summary judgement must be filed on or before August 3, 2007.**

Entered this_____ day of December, 2006.

              **s\Harold A. Baker**
        _____
              HAROLD A. BAKER
          UNITED STATES DISTRICT JUDGE