UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

vs.                                                                              No. 05-1028

GUY PIERCE, et.al.,
   Defendants

## ORDER

This cause is before the court for consideration of various pending motions including: 1) motions for motion for summary judgement [d/e 91, 92, 94]; 2) a motion for an extension of time to complete discovery [d/e 120]; 3) a motions for an extension of time to file a dispostive motion [d/e121, 135]; 4) motion for substitution of counsel [d/e 122] and 5) a motion to compel discovery [d/e 124].

## I. BACKGROUND

The plaintiff in this case originally filed two complaints pursuant to 42 U.S.C.§1983 that the court has consolidated into this lead case. *See Dupree v. Pierce*, 05-1028, *Dupree v. French,* 05-1201. The plaintiff's pro se complaints were rambling accounts of numerous incidents. The court appointed counsel for the plaintiff, and identified 21 different claims against 44 defendants including:[1]

> **1)** Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.
> **2)** Defendants Henry Teverbaugh and Cletus Shaw violated the plaintiff's due process rights during Adjustment Committee hearings on March 21, 2003 and March 28, 2003.
> **3)** Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.
> **4)** On March 21, 2003, Defendant Guy Pierce violated the plaintiff's right to be free from excessive use of force.
> **5)** Defendant G. Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Paula Rich, Potts, Leonard, DeLong, Quade and Mark Spencer conspired to deny the plaintiff meaningful access to the courts. In addition, the plaintiff told P. Hasting, R. Walker, S. Mote, Guy Pierce and Buthley about his denial of access to the courts, but they failed to take any action.

---

[1]*See* January 5, 2006 Case Management Order in *Dupree v. French,* 05-1201*;* and January 5, 2006 Case Management Order and April 4, 2006 Case Management Order in *Dupree v.Pierce,* 05-1028.

**6)** On February 17, 2005, Officers Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.

**7)** The plaintiff has also alleged that Defendants Ware, Prentice, Rosemburg and Fritzelle violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.

**8)** The plaintiff alleges that the actions taken by Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle on February 17, 2005 were a violation of his First Amendment Rights because the defendants were retaliating for prior grievances and litigation.

**9)** The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.

**10)** The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.

**11)** The plaintiff says on July 28, 2003, Officer Stephens, Hobart, Melvin, Wilson, Woods, Mote and Hodge violated his Eighth Amendment rights when they used used excessive force.

**12)** The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.

**13)** The plaintiff states on several occasions Officers Brewer, Dalbaugh, Eckhert and Fritsche painfully pulled on his waist chain and/or hit him with handcuffs violating his Eighth Amendment right to be free from excessive force. The dates alleged include: November 29, 2004, September 7, 2004, November 1, 2005 and September 27, 2005.

**14)** The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

**15)** The plaintiff says Officers Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists in violation of his Eighth Amendment rights.

**16)** The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed medical care. The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

**17)** Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004, October 16, 2004 and November 29, 2004.

**18)** Officers French and Fritsche were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004, October 16, 2004 and November 29, 2004. and allowed the attacks in retaliation for previously filed grievances and litigation.

**19)** Officer Ramsey failed to protect the plaintiff when he allowed an inmate to attack him on July 28, 2003.

**20)** The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003. The plaintiff says this was in retaliation for his grievances and law suits. The plaintiff has stated a failure to protect and retaliation claim.

**21)** The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

All claims are against the defendants in their individual capacities only.

The court stated that the plaintiff had named an unwieldily number of defendants and claims. The court encouraged the defendants to file initial summary judgement motions addressing any claims barred by the statute of limitations period or any claims for which the plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a). *See* December 5, 2006 Court Order.

## II. FACTS

The following facts are taken from the defendants motions for summary judgement and the plaintiff's responses.

Melody Ford is the Chairperson of the Office of Inmate Issues for the Illinois Department of Corrections. She states that her duties include reviewing and responding to inmate grievances. Ms. Ford says she has searched the Administrative Review Board's records in regards to Inmate Cedric Dupree.

Ms. Ford states that the plaintiff did not appeal any grievances to the board concerning:

1) the actions of Defendant Pierce on March 21, 2003, Claim # 4;
2) the actions of Defendants Fritsche, French, Ware, Rosenberger, Prentice and Frizzell on February 17, 2005, Claim # 6, 7, 8;
3) the actions of Defendants Stevens, Hobart, Melvin, Wilson, Woods, Mote and Hodge on July 28, 2003, Claim # 11;
4) the actions of Defendants Brewer, Dahlbach, Eckert and Fritsche on November 29, 2004; September 7, 2004 and/or September 27, 2005, portions of Claim #13;
5) the actions of Defendants Shaw and Birkel on August 1, 2003, Claim # 15;
6) the actions of Defendants French and Fritsche on October 16, 2004 and/or November 29, 2004, portions of Claim # 17, 18;
7) the actions of Defendant Ramsey on July 28, 2003, Claim # 19; and
8) any claims of retaliation or failure to protect against Defendants Mote, Wilson, Melvin and Walker on July 31, 2003, Claim #20.

The plaintiff received a disciplinary ticket on March 13, 2003 accusing him of Sexual Misconduct, Dangerous Communications and Disobeying a Direct Order. An Adjustment Committee hearing was held on March 21, 2003. The report indicates the committee heard from two witnesses requested by the plaintiff: Dr. Roslina Gonzales and Dr. Patricia Garden. The plaintiff was found guilty of all offenses and lost good time credits as a result. The finding has not been overturned.

Defendant Quade is employed as an Assistant States Attorney in Cook County, Illinois. Quade was assigned to the Parole/Clemency Unit from April of 2003 to October of 2006. Part of the defendant's job duties including providing written responses to petitions for clemency filed by individuals whose criminal convictions occurred in Cook County, Illinois. In November of 2005, the defendant was assigned the job of preparing and filing a written response to the plaintiff's Petition for Clemency which she did on December 7, 2005. The defendant sent her response to the Illinois Prisoner Review Board in Springfield, Illinois. Defendant Quade says she never met or spoke with the plaintiff, nor did she have any correspondence with him. Defendant Quade further states that she had no role in the plaintiff's underlying criminal trial or conviction and no contact or correspondence with the Illinois Department of Corrections.

### III.   LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

IV.  ANALYSIS

A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Several defendants claim that the plaintiff has failed to exhaust his administrative remedies for the claims in his complaint.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. §1997e(a).

The defendants have provided an affidavit from the Chairperson of the Office of Inmate Issues, Melody Ford.  Ford states that there is a grievance process available within the Illinois Department of Corrections and she outlines the steps involved.  The final step requires the inmate to appeal the denial of his grievance to the Administrative Review Board. (Herein ARB).  The ARB's final report and the Director of the Department of Corrections final decision is then sent to the inmate.  Copies of these records are maintained in the ARB files.  Ford says she has searched the ARB's records in regards to Inmate Cedric Dupree, and has discovered that he has not filed appeals concerning several of the allegations in his complaint.

The plaintiff argues that Melody Ford's affidavit is not sufficient.  The plaintiff states that Ford simply makes conclusory statements about the plaintiff's grievances and does not state her "methodology for concluding that there is an absence of a record." (Def. Memo, p. 2).  The plaintiff adds that Ford's affidavit does not lay the proper foundation for business records as required by Federal Rules of Evidence 803(6) and 803(7).  Last, the plaintiff argues that he has adequately exhausted his administrative remedies because he is not required to specifically name each defendant in his grievance.  *Jones v. Brock,* ___U.S. ___ , 127 S. Cr. 910 (2007).

The defendants' affidavit could more clearly state the method in which the records are kept by the ARB.  However, the affidavit does refer to the grievance procedures which require an inmate to submit a grievance within a certain time period and the ARB must also respond within a certain time period.  Copies of submitted grievances and responses are kept by the ARB and there are no documents indicating that the plaintiff has submitted an appeal for some of the issues in his complaint.

While it is true that the plaintiff does not have to state each defendant by name in his grievance, he does have to state the issue alleged in his complaint.  The plaintiff is in the best position to know if he did in fact appeal a grievance or if he did in fact raise a certain issue in his grievance.  The plaintiff has not pointed the court to any specific grievance or appeal or response from the ARB which would call Ford's affidavit into question.  Therefore, the court will grant summary judgement on the claims for which the plaintiff failed to exhaust his administrative remedies.  The court will dismiss Claims # 4, 6, 7, 8, 11, 15, 19 and 20 in their entirety.   The court

will also dismiss portions of Claims # 13, 17 and 18.

In these claims, the defendants do not make reference to all the dates claimed by the plaintiff. For instance, in Claim #13, the defendants do not make reference to November 1, 2005. After further review of the complaint, the plaintiff alleges that Defendant Eckhert painfully pulled his waist chain and hit him with handcuffs on this date. Therefore, the court will not dismiss this claim. (*See* Second Amended Complaint, [d/e 51, page 5B, Case No. 01-1201]   In Claim #17, the defendants make no reference to the plaintiff's claim that Defendants French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack him on October 2, 2004 and claims that the defendants were deliberately indifferent to the plaintiff's medical condition on this day. *Id.,* page 5C.   The defendants should review their records and determine whether the plaintiff has exhausted his administrative remedies for these claims.

The court notes that Defendants Funk, Larson, Barthold and Ellinger say the plaintiff has failed to exhaust administrative remedies for claims against them. [d/e 91] The defendants state they have requested discovery to support those claims and have requested an affidavit from Chairperson Melody Ford which they will provide to the court. The court has not received this evidence and will therefore deny the motion for summary judgement. The court will ask the defendants to provide this information to the court.

B.  DISCIPLINARY REPORT CLAIMS

Defendant Teverbaugh argues that the allegations made against him in Claim #2 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck,* the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration.   In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. The defendants maintain that in order for the court to determine that the actions of the defendants were unlawful, the court would have to find that decision in the disciplinary hearing was invalid and based on improper motivations.

The plaintiff alleges that  Defendants Henry Teverbaugh and Cletus Shaw violated the plaintiff's due process rights during Adjustment Committee hearings.  The court attempted to specify the dates of the hearings in its Case Management Order, but the plaintiff's complaint is rambling and difficult to decipher.  It is clear that the plaintiff's main contention is that these defendants violated his due process rights when they failed to take his mental health status into account and failed to call his psychiatrist as a witness. (Plain. Second Amended Comp., p. 8)

The Final Summary Report of the Adjustment Committee states that two of the plaintiff's witnesses were called including Dr. Gonzales and Dr. Garden. Dr. Gonzales stated that the medicine the plaintiff was taking calmed him down and did not alter his judgement.  Dr. Garden says the plaintiff's behavior is malingering and does not show a pattern of mental illness.  The

6

charges of Sexual Misconduct, Dangerous Communications and Disobeying a Direct Order were read to the plaintiff, but the report claims the plaintiff began screaming and refused to give a statement.  He was found guilty of all offenses and lost good time credits.

The defendants are correct.  Whether or not the report is accurate, the court could not find in favor of the plaintiff on these claims without invalidating the findings of the disciplinary hearing.  Since the plaintiff has failed to demonstrate that these findings have been overturned, the court will grant summary judgement as to Claim #2.

C.  STATUTE OF LIMITATIONS

Defendants Shaw and Birkel argue that the plaintiff's allegations in Claim #15 are barred by the statue of limitations period.  The plaintiff claims that Defendants Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists in violation of his Eighth Amendment rights.  The statute of limitations that applies to the plaintiffs' claim is the two-year Illinois statute governing tort cases, 735 ILCS 5/13-202.  *See Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998); *See also Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001).  The statute of limitations period begins at the time "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).  In this case, the plaintiff needed to state his claim on or before August 1, 2005.

The defendants argue that the plaintiff first made this allegation in his Motion for Leave to file an Amended Complaint on December 1, 2005. *See Dupree v. French,* 05-1201.  The plaintiff argues that the statute of limitations is an affirmative defense and the defendants have not demonstrated that the plaintiff did not pursue his administrative remedies.  The plaintiff says since the statute of limitations is tolled while a grievance is pending, the defendants have not demonstrated that the plaintiff's claim should be barred.

The defendants have presented evidence that the plaintiff has not exhausted his administrative remedies for this claim. (Def. Mot, Ford Aff.)  If the plaintiff has evidence that the statute of limitations period should be tolled, the plaintiff should present that evidence to the court.  The plaintiff is in the best position to know whether he filed a grievance and what response he did or did not receive.  The plaintiff has not pointed to any specific grievance filed concerning this allegation and therefore, the motion for summary judgement is granted.

D.  PROSECUTORIAL IMMUNITY

Defendant Quade argues that she is absolutely immune from suit under §1983 and therefore summary judgement should be granted for the defendant on Claim # 5.   The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Imbler v Pachtman,* 424 U.S. 409, 431 (1976). The Seventh Circuit has also held that absolute immunity shields prosecutors from liability under 42 U.S.C.§1983 for statements made in communications with the Prisoner Review Board in

executive clemency proceedings. *Lucien v Preiner,* 967 F.2d 1166 (7th Cir. 1992).   The court held that the states attorney "is performing a prosecutorial activity in arguing against granting a defendant executive clemency." *Id.* at 1167.

Defendant Quade was an Assistant States Attorney who filed a written response to the Prisoner Review Board regarding the plaintiff's Petition for Clemency. The motion for summary judgement is granted. [d/e 94]

### V. DISCOVERY

The parties have filed various motions asking for deadline extensions. [d/e 120, 121, 135]. The motions are granted.   The court will abide by the following scheduling deadlines:
1) the plaintiff must file a response to the pending motion to compel discovery within 21 days [d/e 124]; 2) all discovery must be completed on or before February 29, 2008; and 3) any dispositive motions must be filed by March 21, 2008.

### VI. PLAINTIFF'S COUNSEL

The plaintiff has filed another motion for substitution of counsel [d/e 122].   The plaintiff alleges that there has been a break down in communication with his attorney and counsel "will try to make me loose these cases." (Plain. Mot, p.2)   Pro bono counsel was appointed for the plaintiff due to his history of mental health problems.    The plaintiff is dissatisfied with the court's appointment and has refused to cooperate at times with counsel and has failed to treat counsel and his staff respectfully.  *See* December 5, 2006 Court Order; April 16, 2007 Court Order.   On the other hand, there is no indication before this court that plaintiff has not received fair and competent representation.

The court has repeatedly advised the plaintiff that he does not have a right to chose his counsel nor does he have a constitutional right to any representation in this case. *Id. See also* June 21, 2007 Text Order.   The court will not appoint new counsel for the plaintiff.   The plaintiff is advised that he must fully cooperate with counsel.   However, if the plaintiff chooses, he may file a motion to represent himself.

### VII. CONCLUSION

The court finds that the plaintiff now has the following surviving claims[2]:

**1)** Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.
3) Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.
**5)** Defendant Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Rich, Potts, Leonard, DeLong, and Mark Spencer conspired to deny the plaintiff meaningful access to the courts.  In addition, the plaintiff told P. Hasting, R. Walker, S.

---

[2]To avoid confusion, the claims will retain their original numbers cited in the December 5, 2006 Court Order.

>Mote, Guy Pierce and Buthley about his denial of access to the courts, but they failed to take any action.
>
>**9)** The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.
>
>**10)** The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.
>
>12) The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.
>
>**13)** The plaintiff states on November 1, 2005, Officer Eckhert painfully pulled on his waist chain and/or hit him with handcuffs violating his Eighth Amendment right to be free from excessive force.
>
>**14)** The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.
>
>16) The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed medical care. The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)
>
>**17)** Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004.
>
>**18)** Officers French and Fritsche were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004.
>and allowed the attacks in retaliation for previously filed grievances and litigation.
>
>**21)** The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

All claims are against the defendants in their individual capacities only.

The court will therefore dismiss 15 Defendants including Quade, Shaw, Teverbaugh, Stevens, Ware, Prentice, Fritzelle, Wilson, Hobart, Melvin, Rosemburg, Woods, Birkel, Dahlbaugh and Ramsey. There are 29 surviving defendants including Brewer, Buthley, Barthold, Delong, Ellinger, Echert, Fairchild, Funk, French, Fritsche, Garlick, Germain, Gerdes, Hasting, Hodge, Larson, Leonard, Libby, Mottershaw, Mote, Punke, Pierce, Potts, Potter, Rich, Nolen, Smith, Spencer and Walker.

Lastly, the court notes that Defendant Buthley is not in this case because he did not return his waiver or service and notice of lawsuit. Defense counsel is to provide the clerk of the court with Defendant Buthley's last known address within seven days.

**IT IS THEREFORE ORDERED that:**

**1) Defendant Barthold, Funk, Larson and Ellinger's Motion for Summary Judgement is denied. [d/e 91].** If the plaintiff has not exhausted his administrative remedies for any claims against these defendants, the defendants must file, within 21 days, an amended motion for summary judgement with proper support addressing the issue of exhaustion. The plaintiff may file a response within 14 days.

**2) The Illinois Department of Corrections Defendants' motion for partial summary judgment is granted pursuant to Fed. R. Civ. P. 56. [d/e 92]** If the defendants believe the plaintiff has not exhausted his administrative remedies for the remainder of Claims #13, 17 and 18, the defendants must file an amended motion for summary judgement with proper support addressing the issue of exhaustion within 21 days. The plaintiff may file a response within 14 days.

**3) Defendant Quade's Motion for Partial Summary Judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 94]**

**4) Based on the motions for summary judgement, the clerk of the court is directed to dismiss 15 Defendants including Defendants Quade, Shaw, Teverbaugh, Stevens, Ware, Prentice, Fritzelle, Wilson, Hobart, Melvin, Rosemburg, Woods, Birkel, Dahlbaugh and Ramsey.** The Clerk of the Court is directed to enter judgment in favor of these defendants in accordance with this order. The parties are to bear their own costs. The plaintiff's 12 surviving claims and 29 surviving defendants are as outlined above.

**5) The parties motions for deadline extensions are granted. [d/e 120, 121, 125]** The court will abide by the following scheduling deadlines: 1) the plaintiff must file a response to the pending motion to compel discovery within 21 days [d/e 124]; 2) all discovery must be completed on or before February 29, 2008; and 3) any dispositive motions must be filed by March 21, 2008.

**6) The plaintiff's motion for substitution of counsel is denied. [d/e 122].** The plaintiff is admonished that he must not file motions or documents on his own. The plaintiff must also cooperate with his counsel.

**7) Defendant Buthley has not returned his waiver of service. Defense Counsel Lanzdorf shall to provide the clerk of the court Defendant Buthley's last known address within seven days.**

Entered this 21st day of December, 2007.

                                            s\Harold A. Baker
                             _____
                                            HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE