UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

  vs.                                   No. 05-1028

GUY PIERCE, et.al.,
   Defendants

### CASE MANAGEMENT ORDER #4

     This cause is before the court for consideration of various pending motions including: 1) the plaintiff's motion to reconsider the court's December 21, 2007 order granting summary judgement in part [d/e 147]; the defendants' motions for sanctions [d/e 151], the defendants motion to stay [d/e 152] and the defendants motion for summary judgement [d/e 152].

### I. BACKGROUND

     The plaintiff in this case originally filed two complaints pursuant to 42 U.S.C.§1983 that the court consolidated into this lead case. *See  Dupree v. Pierce*, 05-1028, *Dupree v. French,* 05-1201.  The plaintiff's pro se complaints were rambling accounts of numerous incidents.  The court appointed counsel for the plaintiff, and identified 21 different claims against 44 defendants.[1]   The court noted that the plaintiff had named an unwieldily number of defendants and claims and encouraged the defendants to file initial summary judgement motions addressing any claims barred by the statute of limitations period or any claims for which the plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a).  *See* December 5, 2006 Court Order.  The plaintiff's filed such a motion and on December 21, 2007, the court found the plaintiff had the following 12 surviving claims[2] against 29 defendants:

> **1)** Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.
> **3)** Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.
> **5)** Defendant Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Rich, Potts, Leonard, DeLong, and Mark Spencer conspired to deny the plaintiff meaningful access to the courts.  In addition, the plaintiff told P.

---

[1]*See* January 5, 2006 Case Management Order in *Dupree v. French,* 05-1201*;* and January 5, 2006 Case Management Order and April 4, 2006 Case Management Order in *Dupree v.Pierce,* 05-1028.

[2]To avoid confusion, the claims will retain their original numbers cited in the December 5, 2006 Court Order.

Hasting, R. Walker, S. Mote, Guy Pierce and Buthley[3] about his denial of access to the courts, but they failed to take any action.

**9)** The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.

**10)** The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.

**12)** The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.

**13)** The plaintiff states on November 1, 2005, Officer Eckhert painfully pulled on his waist chain and/or hit him with handcuffs violating his Eighth Amendment right to be free from excessive force.

**14)** The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

**16)** The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed medical care. The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

**17)** Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004.

**18)** Officers French and Fritsche were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004 and allowed the attacks in retaliation for previously filed grievances and litigation.

**21)** The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

All claims are against the defendants in their individual capacities only.

The court dismissed the following claims and defendants:

**2)** Defendants Henry Teverbaugh and Cletus Shaw violated the plaintiff's due process rights during Adjustment Committee hearings on March 21, 2003 and March 28, 2003.

**4)** On March 21, 2003, Defendant Guy Pierce violated the plaintiff's right to be free

---

[3]Defendant Buthley was dismissed from this claim on April 30, 2008 for failure to properly identify and obtain service of process. *See* April 30, 2008 Court Order.

from excessive use of force.

**6)** On February 17, 2005, Officers Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.

**7)**  The plaintiff has also alleged that Defendants Ware, Prentice, Rosemburg and Fritzelle violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.

**8)** The plaintiff alleges that the actions taken by  Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle on February 17, 2005 were a violation of his First Amendment Rights because the defendants were retaliating for prior grievances and litigation.

**11)** The plaintiff says on July 28, 2003, Officer Stephens, Hobart, Melvin, Wilson, Woods, Mote and Hodge violated his Eighth Amendment rights when they used  used excessive force.

**15)** The plaintiff says Officers Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists in violation of his Eighth Amendment rights.

**19)** Officer Ramsey failed to protect the plaintiff when he allowed an inmate to attack him on July 28, 2003.

**20)** The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003.  The plaintiff says this was in retaliation for his grievances and law suits.  The plaintiff has stated a failure to protect and retaliation claim.

## II. MOTION TO RECONSIDER

In his motion to reconsider the court's December 21, 2007 order, the plaintiff makes strong accusations against the defendants.  The plaintiff claims the defendants mislead the court and withheld documents leading the court to believe the plaintiff had not exhausted his administrative remedies when in fact he had.  Therefore, the plaintiff asks the court to reinstate all 15 defendants that were dismissed in December of 2007.

The plaintiff is correct that the affidavit from the Chairperson of the Office of Inmate Issues contained three errors.  However, the plaintiff has also overstated the issue.   First, not all of the defendants were dismissed based on a failure to exhaust administrative remedies.  Some defendants were dismissed because the underlying claim was barred by *Heck v Humphrey,* 512 U.S. 477 (1994), or the statute of limitations or prosecutorial immunity. *See* December 21, 2007 Court Order.   The plaintiff does not address these claims, and these defendants will not be reinstated.  And secondly, the plaintiff cannot claim the defendants are withholding documents when the plaintiff should have copies of his own grievances and even if he did not, he had failed to ask for copies through the discovery process at the time of the court's ruling.

The defendants are also admonished that before submitting an affidavit to the court, a more thorough search of the records should be required.  The three errors in the affidavit

presented to the court are as follows:

1) In Claim #4, the plaintiff alleges that Defendant Guy Pierce violated his right to be free from excessive use of force. The plaintiff apparently did appeal a grievance which alleged that unidentified officers entered his cell and inflicted serious pain on March 21, 2003. However, Pierce was the Warden at the time, not a correctional officer. The plaintiff does not state that Pierce had any personal involvement or knowledge of the assault. Informing him after the assault is not enough to state liability. *George v Smith,* 507 F.3d 605, 609 (7th Cir. 2007). Since the plaintiff does not clarify this claim, the motion to reconsider on this claim is denied.

2) In Claims # 6, 7 and 8, the plaintiff made allegations against Defendants Fritsche, French, Ware, Rosenberger, Prentice, and Frizzell. The defendants now concede that the plaintiff has exhausted his administrative remedies for these claims. The court will reinstate these claims and defendants.

3) In Claim #13, the plaintiff originally alleged that Officers Brewer, Dalbaugh, Eckhert and Fritchse painfully pulled his wrist chain and/or hit him with handcuffs in violation of the Eighth Amendment. The plaintiff alleged this conduct occurred on November 29, 2004; September 7, 2004; November 1, 2005 and September 27, 2005. The court found the plaintiff had failed to exhaust for all claims except his claim against Officer Eckhert on November 1, 2005. The defendants concede that the plaintiff also exhausted his administrative remedies for his claims against Officer Dalbaugh on September 7, 2004. The court will reinstate this claim. The motion to reconsider is therefore granted in part.

### III. REMAINING MOTIONS

The defendants have filed a motion for sanctions against the plaintiff. [d/e 151] On April 30, 2008, granted the defendants' motion to compel in part and ordered the plaintiff to file a more detailed response to certain interrogatories. The plaintiff was admonished that "he must cooperate in the discovery process or his case may be dismissed." April 30, 2008 Court Order, p. 5. The defendants say they still have not received a response.

The plaintiff has filed a motion for an extension of time to file a response to the motion. [d/e 153]. It appears the plaintiff has not yet provided specific responses to his counsel. The motion for sanctions is denied [d/e 151] and the motion for an extension of time to file a response is denied as moot. [d/e 153]. The court will set this case for hearing to resolve the discovery conflicts on October 21, 2008 at 2:00 p.m. by telephone conference call. The plaintiff, plaintiff's counsel and defense counsel will participate in the hearing. The court notes the plaintiff has also filed another motion asking for new counsel. [d/e 150]. The motion is denied. The court has repeatedly admonished the plaintiff that he does not have the right to counsel of his choice, nor does he have a right to any representation. The court will again address this issue during the October 21, 2008 hearing.

4

Finally, the defendants have filed a motion to stay the deadline for filing a dispositive motion until the discovery issues have been resolved. [d/e 152]. The motion is granted.

IV. CONCLUSION

The court will reinstate the following claims:

6) On February 17, 2005, Officers Fritsche, French, Ware, Rosenberger Prentice, and Frizzell participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.
7) The plaintiff has also alleged that Defendants Ware, Prentice, Rosenberger and Frizzell violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.
8) The plaintiff alleges that the actions taken by Fritsche, French, Ware, Rosenberger, Prentice, and Frizzell on February 17, 2005 were a violation of his First Amendment
13) The plaintiff states on November 1, 2005, Officer Eckhert painfully pulled on his waist chain and/or hit him with handcuffs and Officer Dahlback did the same on September 7, 2004 violating his Eighth Amendment right to be free from excessive force

Defendantz Fritsche and French are already in the case. The court will reinstate Defendants Dennis Dahlback, Mary Frizzell, Shawn Rosenberger and Timothy Ware. These defendants have previously been represented by defense counsel

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to reconsider the December 21, 2007 Court Order is granted in part as outlined in this order. [d/e 147] The clerk of the court is directed to reinstate Defendants Dennis Dahlback, Mary Frizzell, Shawn Rosenberger and Timothy Ware.**

**2) For clarification of the record, the following claims are still before the court :**
   **1) Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.**
   **3) Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.**
   **5) Defendant Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Rich, Potts, Leonard, DeLong, and Mark Spencer conspired to deny the plaintiff meaningful access to the courts. In addition, the plaintiff told P. Hasting, R. Walker, S. Mote and Guy Pierce[4] Buthley about his denial of access to**

---

[4]Defendant Buthley was dismissed from this claim on April 30, 2008 for failure to properly identify and obtain service of process. *See* April 30, 2008 Court Order.

5

the courts, but they failed to take any action.
6) On February 17, 2005, Officers Fritsche, French, Ware, Rosenberger Prentice, and Frizzell participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.
7)  The plaintiff has also alleged that Defendants Ware, Prentice, Rosenberger and Frizzell violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.
8) The plaintiff alleges that the actions taken by  Fritsche, French, Ware, Rosenberger, Prentice, and Frizzell on February 17, 2005 were a violation of his First Amendment.
9) The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.
10) The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.
12) The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.
13) The plaintiff states on  November 1, 2005, Officer Eckhert painfully pulled on his waist chain and/or hit him with handcuffs and Officer Dahlback did the same on September 7, 2004 violating his Eighth Amendment right to be free from excessive force.
14) The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.
16) The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed  medical care.  The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)
17) Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004.
18) Officers French and Fritsche  were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004 and allowed the attacks in retaliation for previously filed grievances and litigation.
21) The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him.  Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

**All claims are against the defendants in their individual capacities only.**

**3) The plaintiff's motion for appointment of new counsel is denied. [d/e 150]**

**4)  The defendants' motion for sanctions is denied. [d/e 151]   The plaintiff's motion for an extension of time to file a response is denied as moot. [d/e 153].  The court will set this case for hearing to resolve the discovery conflicts on October 21, 2008 at 2:00 p.m. by telephone conference call.  The clerk of the court is not issue a writ for the plaintiffs, plaintiff's counsel and defense counsel's participation in the hearing.**

**5) The defendants' motion to stay the deadline for filing a dispositive motion until the discovery issues have been resolved is granted. [d/e 152].**

Entered this 22nd day of September, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE