UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

vs.                                                                              No. 05-1028

GUY PIERCE, et.al.,
   Defendants

## CASE MANAGEMENT ORDER #5

On October 22, 2008, this cause was before the court by telephone conference call for case management and consideration of the defendants' second motion to compel.[d/e 156]   The plaintiff appeared together with his pro bono counsel, Daniel O'Day, Esq.  The defendants were represented by Michael Lanzdorf, IAAG and Michael LeCrone, Esq.

This is a particularly troublesome case for the court and for pro bono counsel.  The plaintiff appears to have mental health issues.  The plaintiff is disruptive and is uncooperative with his attorney, unresponsive to legitimate discovery demands and dismissive of court orders.  The plaintiff has tried on a number of occasions, unsuccessfully, to have the court find him a different attorney. [d/e 30, 40, 80, 86, 106, 110, 122, 150].   His counsel has previously filed a motion to withdraw based on the plaintiff's conduct with counsel's staff. [d/e 29, 42].   At the hearing giving rise to this order, the plaintiff stated his appearance for the record as Barack Obama. Throughout the telephone conference, the plaintiff continued to interrupt the proceedings, attempted to electioneer  for his Presidential candidate, and failed to follow the court's directions when he was admonished not to interrupt.

The plaintiff in this case originally filed two rambling complaints pursuant to 42 U.S.C.§1983 that alleged 21 claims against 44 defendants.  *See  Dupree v. Pierce*, 05-1028, *Dupree v. French,* 05-1201.  The court consolidated the cases into this lead case and secured pro bono counsel for the plaintiff.  The plaintiff has the following surviving claims[1]:

> 1) Dr. Garlick and Dr. Smith were deliberately indifferent to the plaintiff's serious medical needs when they changed his medications more than twenty-two times to make him appear incompetent and exacerbate his mental health problems.

> 3) Nurse Ellinger violated the plaintiff's Eighth Amendment rights when she failed to regularly provide his prescribed medications.

> 5) Defendant Pierce, Bryan Fairchild, Wayne Germaine, Officer Mottershaw, Walker, S. Mote, Rich, Potts, Leonard, DeLong, and Mark Spencer conspired to deny the plaintiff meaningful

---

[1] The claims maintain their original numbers to try and reduce confusion over claims and defendants.

access to the courts.  In addition, the plaintiff told P. Hasting, R. Walker, S. Mote and Guy Pierce Buthley about his denial of access to the courts, but they failed to take any action.

6) On February 17, 2005, Officers Fritsche, French, Ware, Rosenberger Prentice, and Frizzell participated in a conspiracy when they either paid another inmate to assault the plaintiff or asked medical staff not to report or treat the plaintiff's injuries.

7) The plaintiff has also alleged that Defendants Ware, Prentice, Rosenberger and Frizzell violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs on February 17, 2005.

8) The plaintiff alleges that the actions taken by Fritsche, French, Ware, Rosenberger, Prentice, and Frizzell on February 17, 2005 were a violation of his First Amendment.

9) The plaintiff says on May 1, 2005, Officer Brewers and Gerdes violated both is Eighth Amendment and First Amendment rights when they used excessive force in retaliation for his grievances and litigation.

10) The plaintiff reported his injuries from May 1, 2005 to Dr. Larson who violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical needs.

12) The plaintiff says from July of 2003 to the present, Dr. Funk has violated his Eighth Amendment rights because he has been deliberately indifferent to plaintiff's serious medical condition when he refused to provide medical care for the blood in plaintiff's urine.

13) The plaintiff states on November 1, 2005, Officer Eckhert painfully pulled on his waist chain and/or hit him with handcuffs and Officer Dahlback did the same on September 7, 2004 violating his Eighth Amendment right to be free from excessive force.

14) The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

16) The plaintiff says on June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed medical care.  The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

17) Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004.

18) Officers French and Fritsche were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004 and allowed the attacks in retaliation for previously filed grievances and litigation.

21) The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. The plaintiff alleges failure to protect, conspiracy and retaliation claims against these individuals.

All claims are against the defendants in their individual capacities only.

On April 30, 2008, the court granted the defendants' motion to compel discovery in part and denied the motion in part. *See* April 30, 2008 Case Management Order. Each Illinois Department of Corrections Defendant sent the same interrogatory to the plaintiff:

> "State with specificity all claims made against (the defendant).
> a) For each claim, state the specific legal basis, theory or statute upon which you rely for recovery.
> b) For each claim, state the specific actions or inactions of (the defendant) relied upon to establish the claim.
> c) For each claim, state the damages, injuries or harm you suffered as a result of (the defendant's) alleged actions or inactions.
> d) For each of the above answers, what evidence do you have to support your claims?" [d/e 138, motion to compel].

The plaintiff responded that the information was in his depositions, grievances and complaint. The court ruled that:

> the plaintiff must provide more specific information about the evidence he has to support his claims. The court appreciates that the plaintiff is incarcerated and has previously demonstrated an inability to focus on his claims. However, the plaintiff must provide a more detailed response to the remainder of the defendants interrogatories, subsections b, c and d. The plaintiff is admonished that he must cooperate and participate in the discovery process or his case will be dismissed. April 30, 2008 Court Order, p. 2-3.

On July 9, 2008, the defendants filed a motion for sanctions stating they still had not received a response from the plaintiff. [d/e 151]. The plaintiff responded with a motion for additional time to respond to the court order. The court denied the motion for sanctions, and gave the plaintiff additional time to respond. The court also set this case for hearing. In the interim, the defendants filed a second motion to compel stating that the new responses received were inadequate. The plaintiff had responded with cursory statements such as "witnesses and grievances." Mot. for Sanctions, Ex. A, p. 1.

The plaintiff also continues to file motions asking for new counsel. The court has repeatedly admonished the plaintiff that he does not have the right to counsel of his choice, nor does he have a right to any representation. The plaintiff must cooperate with counsel or proceed pro se. Due to these repeated motions, the plaintiff was included in the case management hearing.

During the hearing, plaintiff's counsel informed the court that the plaintiff had cooperated with the discovery requests, but that additional time was needed to consult with the plaintiff in person to attempt to obtain more specific information. The court agreed to one last extension.

The plaintiff must provide a complete response to the pending discovery requests no later than December 15, 2008. The plaintiff is admonished that he must cooperate fully with his counsel and provide all relevant information and documents. The court will not extend the discovery deadline any further. Instead, the court will be forced to enter a ruling that the plaintiff may not rely on any evidence he did not provide to the defendants that was relevant to a discovery request. The court will stay ruling on the pending second motion to compel until the plaintiff has provided his final discovery response. The case will not be delayed from proceeding to final disposition because of the plaintiff's conduct.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff must provide complete responses to all pending discovery requests on or before December 15, 2008. No further continuances will be allowed.**

**2) The plaintiff is ordered to fully cooperate with his counsel in providing specific information in response to the discovery requests. Failure to do so will result in an order that the plaintiff may not present evidence that he failed to provide to the defendants in response to a relevant discovery request.**

**3) This cause is set for further hearing by telephone conference call on December 19, 2008. Only the court and counsel will participate in the hearing.**

Entered this 3rd day of November, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE