UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
   Plaintiff,

    vs.                     No. 05-1028 consolidated with
                              05-1201,

GUY PIERCE, et. al.,
   Defendants

CASE MANAGEMENT ORDER

       This cause is before the court for consideration of the plaintiff's post trial motions. [d/e 204, 205].   The plaintiff has filed a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure arguing that: 1) the court should have granted the plaintiff's motion at the close of all evidence for judgement as matter of law; and 2) the court should not have granted summary judgment on various issues prior to trial. [d/e 204]   The plaintiff has also filed a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure stating that the court should not have allowed the defendants to "emphasize a portion of the medical records dealing with masturbation." (Def. Memo, p. 1)

BACKGROUND

       The plaintiff originally filed two complaints pursuant to 42 U.S.C.§1983 which the court consolidated into this lead case.   *See  Dupree v. Pierce,* 05-1028, *Dupree v. French,* 05-1201. The plaintiff's pro se complaints were rambling accounts of numerous incidents.  The court appointed counsel for the plaintiff, and identified 21 different claims against 44 defendants.

       The court noted that the plaintiff had named an unwieldily number of defendants and claims and encouraged the defendants to file initial summary judgement motions addressing any claims barred by the statute of limitations period or any claims for which the plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a).  *See* December 5, 2006 Court Order.  The defendants filed a dispositive motion and the court found the plaintiff had 15 surviving claims *See* December 21, 2007 Court Order; *See* September 22, 2008 Court Order.

       On August 26, 2009, the court granted two additional motions for summary judgement and dismissed additional defendants and claims. *See* August 26, 2009, Summary Judgement Order #2.   The plaintiff proceeded to jury trial on the following claims against seven defendants:

       1) On May 1, 2005, Officer Brewers and Gerdes violated both the Eighth Amendment

and First Amendment rights when they used excessive force in retaliation for the plaintiff's grievances and litigation.

2) On  November 1, 2005, Officer Eckhert painfully pulled on the plaintiff's waist chain and/or hit him with handcuffs and Officer Dahlback did the same on September 7, 2004 violating the plaintiff's Eighth Amendment right to be free from excessive force.

3) On June 13, 2005, Officer Punke violated the Eighth Amendment when he refused to provide needed  medical care to the plaintiff.  The plaintiff says he was on suicide watch and the officer allowed him to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

4) Officers French and Fritsche conspired against the plaintiff and retaliated against him by allowing inmates to attack the plaintiff on October 2, 2004.

5) Officers French and Fritsche  were deliberately indifferent to the plaintiff's serious medical needs on October 2, 2004and allowed the attacks in retaliation for previously filed grievances and litigation.

## PLAINTIFF'S FIRST MOTION

The plaintiff has filed his first motion pursuant to Rule 50 of the Federal Rules of Civil Procedure claiming that: 1) the court should have granted the plaintiff's motion at the close of all evidence for judgement as matter of law; and 2) the court should not have granted summary judgment on various issues prior to trial. [d/e 204]

The plaintiff has failed to provide any argument in support of his motion.  Under Rule 50, a court should grant judgment as a matter of law when a party has been "fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Winters v. Fru-Con Inc*., 498 F.3d 734, 746 (7th Cir.2007).  The plaintiff's claims at trial involved excessive force, retaliation, conspiracy and deliberate indifference.  Each defendant testified and denied the plaintiff's allegations.  In addition, the defendants presented medical evidence that belied the plaintiff's version of events.   Therefore, the court could not rule in the plaintiff's favor without finding that the defendants were lying and credibility determinations are for a jury to decide. *United States v. Rollins,* 544 F.3d 820, 835 (7th Cir. 2008)

 The court also notes that a motion asking the court to reconsider it decision concerning a summary judgement motion cannot be made pursuant to Rule 50. Any motion "challenging the merits of the district court's decision ... must fall under either Rule 59(e) or Rule 60(b)" of the FRCP. *United States of America v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992).   Rule 59(e) motions must be made within ten days of the entry of judgement.  The plaintiff's motion was filed within this time period.  A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).  Again, the plaintiff has presented no evidence in support of his motion and has failed to meet his

burden.   The motion is denied.

PLAINTIFF'S SECOND MOTION

The plaintiff has also filed a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure stating that the court should not have allowed the defendants to "emphasize a portion of the medical records dealing with masturbation." (Def. Memo, p. 1).  The plaintiff has presented no argument in favor his motion and his motion is therefore denied.

The court notes that the plaintiff claimed on June 13, 2005, Defendant Punke denied him medical care in violation of the Eighth Amendment.  The plaintiff claimed he had cut his wrists and the defendant took no action.  The defendant denied the incident ever took place.  The defendants presented medical records which stated that the plaintiff was making inappropriate comments to nurses and  masturbating at the front of his cell shortly after he alleged that he had inflicted injury to his wrist.   The evidence was relevant both to the question of whether the plaintiff suffered from a serious medical need and whether Defendant Punke had reason to believe the plaintiff faced substantial risk of harm.  More importantly, the plaintiff did not object to the exhibit when it was presented to the jury and instead stipulated to its admissibility. *See United States v. Hack,* 205 F.2d 723, 727 (7th Cir. 1953)(failure to object to the admission of evidence during the trial waives the objection and it cannot be raised for the first time in a Rule 59 Motion.)

**IT IS THEREFORE ORDERED that the plaintiff's motions for reconsideration and motion for a new trial are denied.  [d/e 204, 205]**

Enter this 27th day of August, 2010.

**\s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

4